UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA VICTORIA DIJAMCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18 C 3338 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| KEVIN McALEENAN,[1] Acting Secretary, | ) | |
| U.S. Department of Homeland Security; | ) | |
| KENNETH CUCCINELLI, Acting Director, | ) | |
| U.S. Citizenship and Immigration Services; | ) | |
| WILLIAM BARR, Attorney General, U.S. | ) | |
| Department of Justice; KIMBERLY ZANOTTI, | ) | |
| Director, Washington Field Office, U.S. | ) | |
| Citizenship and Immigration Services; UNITED | ) | |
| STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Maria Victoria Dijamco, a native and citizen of the Philippines seeking an adjustment of her status with the United States Citizenship and Immigration Services ("USCIS"), brings this case against Kevin McAleenan, the Acting Secretary of the United States Department of Homeland Security; Kenneth Cuccinelli, the Acting Director of the USCIS; William Barr, the Attorney General of the United States Department of Justice; Kimberly Zanotti, the Director of the Washington Field Office of the USCIS; and the United States of America. Dijamco brings five claims in her amended complaint: a request for declaratory relief that her mother's visa petition has been reinstated and is valid (Count I); a request for an order finding that the USCIS violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and the Immigration Regulations, 8 C.F.R.

---

[1] The Court automatically substitutes Acting Secretary Kevin McAleenan and Acting Director Kenneth Cuccinelli for their predecessors, Secretary Kirstjen Nielsen and Director L. Francis Cissna, respectively, pursuant to Federal Rule of Civil Procedure 25(d).

§ 245.1 *et seq.*, and that her status adjustment application should be reopened and reconsidered (Counts II and III); violation of due process (Count IV); and a request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (Count V). Defendants now move to dismiss based on a lack of subject matter jurisdiction and failure to state a claim. Because the Court does not have subject matter jurisdiction, the Court grants Defendants' motion to dismiss and dismisses Dijamco's amended complaint without prejudice.

## BACKGROUND[2]

Dijamco is a native and citizen of the Philippines. Her mother, a lawful permanent resident of the United States, filed a visa petition on Dijamco's behalf as the unmarried daughter of a lawful permanent resident on October 8, 1992. Four years later, on July 21, 1996, Dijamco fraudulently entered the United States with a visitor visa and a passport bearing her photograph but a different name. In February 2000, Dijamco submitted an adjustment of status application with the USCIS under § 245(i) of the INA based on her mother's 1992 visa petition. Dijamco also filed an Application for Waiver of Grounds of Inadmissibility ("waiver application") to have the conduct surrounding her entry forgiven. The USCIS denied both the adjustment application and the waiver application in two separate decisions dated March 31, 2006.

Dijamco's mother died on August 20, 2007. As a result, the USCIS automatically revoked her visa petition. Dijamco requested that the USCIS reinstate her mother's petition on humanitarian grounds in June 2009. The USCIS denied this request. In August 2010, Dijamco submitted a second adjustment application under INA § 245(i) based on her mother's earlier filed visa petition, contending that new legislation, INA § 204(l), that granted additional rights to

---

[2] The facts in the background section are taken from Dijamco's amended complaint and the exhibits attached and referenced therein and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (Rule 12(b)(6)); *Ezekial v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (Rule 12(b)(1)).

2

surviving relatives of lawful permanent residents and U.S. citizens that had pending or approved visa petitions when their petitioning spouse died, warranted reopening her previously denied waiver application.

INA § 204(l), titled "Surviving relative consideration for certain petitions and applications," states, in pertinent part:

> (1) An alien described in paragraph (2) who resided in the United States at the time of the death of the qualifying relative and who continues to reside in the United States shall have . . . an application for adjustment of status to that of a person admitted for lawful permanent residence based upon the family relationship described in paragraph (2), and any related applications, adjudicated notwithstanding the death of the qualifying relative, unless the Secretary of Homeland Security determines, in the unreviewable discretion of the Secretary, that approval would not be in the public interest.

8 U.S.C. § 1154(l). Paragraph (2) states, in pertinent part: "An alien in this paragraph is an alien who, immediately prior to the death of his or her qualifying relative, was (A) the beneficiary of a pending or approved petition for classification as an immediate relative; (B) the beneficiary of a pending or approved petition for classification under section 1153(a) or (d) of this title. . . ." *Id.* The USCIS did not agree that INA § 204(l) applied to Dijamco and denied her August 2010 adjustment application. In doing so, the USCIS first found that Dijamco was statutorily ineligible for adjustment of status due to her fraudulent entry into the United States, and then wrote:

> The Service has also considered your eligibility under INA § 204(l). You contend that as a result of the addition of Section 204(l) and the related policy memorandum entitled 'Approval of Petitions and Applications after the Death of the Qualifying Relative under New Section 204(l) of the Immigration and Nationality Act,' which is dated December 16, 2010, the Service should reopen your denied I-601 [waiver of inadmissibility]. While this policy memo may be applicable to some I-601 applications, it is not applicable in your case. More specifically,

3

> the memo states, 'New section 204(l) does not, by its terms, require USCIS to reopen or reconsider any decision denying a petition or application, if the denial had already become final before October 28, 2009. For this reason, enactment of new section 204(l) is not a reason for USCIS to reopen or reconsider, on its own motion, any decision made before October 28, 2009.' Since your I-601 was denied and appeal dismissed prior to this date, Section 204(l) does not affect your previously denied I-601.

Doc. 1-11 at 3.

Dijamco filed a third adjustment application in January 2015, which the USCIS again denied, similarly finding that she was statutorily inadmissible due to her fraudulent entry into the United States and that there was no underlying visa petition upon which she could file her adjustment application:

> On October 27, 2009, the Form I-130, Petition for Alien Relative, filed by your mother on your behalf, was automatically revoked, due to her death on August 20, 2007. Because this Form I-130 was revoked, even if you were not statutorily inadmissible to the United States for permanent residence at this time, your instant Form I-485, Application to Register Permanent Residence or Adjust Status, does not have a qualifying underlying petition upon which to adjust your status. . . . Even if you had properly filed a Request for Humanitarian Reinstatement for the Form I-130 filed on your behalf by your mother, it is worth noting that a reinstatement of an approved I-130 petition is granted only as a matter of discretion exercised by USCIS for humanitarian reasons in light of the facts of a particular case that it is inappropriate to revoke the approval of the petition. As the facts of your case show, the revocation of the I-130 petition filed on your behalf was an appropriate decision.

Doc. 1-13 at 2. Dijamco then filed a Notice of Motion or Appeal to the Administrative Appeals Office ("AAO") in October 2016 seeking to have her denied adjustment application reopened and reconsidered, which included an additional request that her mother's petition be reinstated. The AAO denied Dijamco's appeal. Finally, Dijamco filed another waiver application, seeking forgiveness for her manner of entry in 1996 and to reopen her adjustment application. On

January 17, 2018, the USCIS issued an approval notice granting Dijamco's waiver application and reopened and reconsidered her adjustment. Despite having approved the waiver application, on February 2, 2018, the USCIS did not change its opinion on Dijamco's third adjustment application and affirmed its denial of that adjustment application, writing:

> On October 27, 2009, USCIS revoked the approval of the Form I-130 filed by Caridad Dijamco on your behalf. Although Caridad Dijamco's Form I-130 is automatically revoked as of the date of its approval because the petitioner is deceased, USCIS reviewed the evidence of record in its entirety and considered all relevant factors, including the impact of revocation on the family unit in the United States, hardship to your United States citizen or lawful permanent resident family members, your age or health condition, length of your lawful residence in the United States, your ties to your home country, and any delay in processing your case after approval of the visa petition and after a visa number has become available, in order to determine if a favorable decision is warranted based on humanitarian grounds pursuant to 8 CFR § 205.1(a)(3)(i)(C). After careful review of all the facts, USCIS determined that the evidence did not establish that a favorable discretionary decision was warranted. Accordingly, USCIS revoked the approval of the Form I-130 filed by Caridad Dijamco on your behalf. . . . USCIS reopened and reconsidered the denial of your Form I-485 based on the documents submitted in support of the instant motions. You have not met the burden of demonstrating to USCIS that you are eligible to adjust your status under section 245 of the INA and that you warrant a favorable exercise of discretion. Therefore, the denial of your Form I-485 remains undisturbed.

Doc. 1-17 at 3–4, 6.

Following the initiation of this lawsuit, the USCIS sent Dijamco a motion to reopen her waiver application on August 31, 2018, stating that the USCIS may have granted her waiver application in error. On October 18, 2018, finding that there was no underlying visa petition, the USCIS reopened and denied Dijamco's waiver application.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.

Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.  Subject Matter Jurisdiction

The Court first turns to its subject matter jurisdiction: "[i]t is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 2d 462 (1884)).

Defendants argue that Dijamco is asking this Court to impermissibly review discretionary decisions made by the USCIS and the Attorney General in revoking her mother's visa application upon her mother's death and denying Dijamco's subsequent adjustment of status and waiver of inadmissibility applications. Dijamco concedes that the USCIS revoked her mother's visa petition as a matter of law upon her mother's death, Doc. 34 ¶ 21, but argues that the USCIS "properly reopened [her deceased mother's visa petition] pursuant to the governing law (INA § 204(l))." Doc. 41 at 1. Dijamco states clearly in her response that she "seeks review of Defendants' conduct in misapplying INA § 204(l) as it relates to her statutory eligibility to adjust her status." *Id.* at 2. Indeed, each Count of Dijamco's amended complaint, except for the EAJA claim, is predicated on Defendants' conduct regarding INA § 204(l) and the reinstatement of her

7

mother's visa petition or her waiver of inadmissibility. *See* Doc. 34 ¶¶ 56–57 (Count I), 61, 67 (Count II), 75 (Count III), 83 (Count IV). For this reason, Dijamco argues that she is not asking the Court to review any discretionary decisions by Defendants. Instead, according to Dijamco, adjustment is a two-step process in which the first step, the statutory eligibility determination and the revocation or reinstatement of her mother's visa petition, involves pure questions of law that precede the second step, in which the USCIS or the Attorney General make their discretionary decisions. Doc. 41 at 15; *Foul v. Mukasey*, 256 F. App'x 785, 788 (6th Cir. 2007) ("Adjustment of status under 8 U.S.C. § 1255 is a two-step process. First the alien must prove statutory eligibility for the adjustment, and second, the Attorney General . . . must exercise its discretion to grant relief."). She contends that her claims in this case focus only upon the first step, the statutory eligibility issue, which she argues does not prevent the Court's review of these claims. While not expressly adopting Dijamco's position, the Court considers her claims under this framework for the purposes of this motion.

      **A.**    **Review of Discretionary Actions**

Defendants disagree with Dijamco's characterization of her claims and argue that the Court does not have subject matter jurisdiction over any of her claims because she seeks review only of discretionary actions. They contend that INA § 242(a)(2)(B) bars federal courts from reviewing discretionary actions by the USCIS, including an adjustment of status petition.

INA § 242(a)(2)(B), titled "Denials of Discretionary Relief," reads in relevant part: "no court shall have jurisdiction to review any . . . other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B). The scope of INA § 242(a)(2)(B)(ii)'s limitation on this Court's jurisdiction is broad. "The plain language of [INA § 242(a)(2)(B)(ii)]

8

demonstrates that it is not limited simply to orders of removal. . . . The meaning of the statute is clear and unambiguous—it precludes the courts from reviewing any discretionary decision of the [USCIS]." *El-Khader v. Perryman*, 264 F. Supp. 2d 645, 649 (N.D. Ill. 2003), *aff'd sub nom. El-Khader v. Monica*, 366 F.3d 562 (7th Cir. 2004). Indeed, the Seventh Circuit has found that a suit disputing a discretionary decision, including the denial of an adjustment of status petition, is "barred by the door-closing statute," INA § 242(a)(2)(B). *McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000); *see El-Khader*, 366 F.3d at 566–68 (upholding dismissal of case for lack of subject matter jurisdiction finding that INA § 242(a)(2)(B)(ii) extends to the denial of a visa petition and that such a decision is discretionary).

INA § 242(a)(2)(B), therefore, precludes the Court from reviewing the determinations made in the USCIS' discretion, such as: the March 2011 decision that the positive discretionary factors "are not sufficiently meritorious to outweigh the above stated statutory ineligibility grounds, the criteria for admissibility, and the additional discretionary factors described below," Doc. 1-11 at 3; the September 2016 decision, which again found that Dijamco's fraudulent entry into the United States was not outweighed by any positive discretionary factors, and therefore did not suffice for the USCIS to exercise its discretion and overturn its statutory determination that she was inadmissible, Doc. 1-13 at 3–4; and the affirmation of the denial of Dijamco's final adjustment of status application in the February 2018 decision that explicitly stated that "[t]he granting of adjustment of status to that of a lawful permanent resident is a discretionary benefit," Doc. 1-17 at 4. *See McBrearty*, 212 F.3d at 987; *El-Khader*, 366 F.3d at 566–68.

B.  **Review of Pure Questions of Law**

Dijamco argues, however, that she is not asking the Court to review a discretionary action and is instead presenting pure questions of law regarding the determination of statutory

9

eligibility and the revocation or reinstatement of her mother's visa petition, which she contends require no discretion from the USCIS, and that this Court may therefore review. Doc. 34 ¶ 7 ("This Court has jurisdiction to review the USCIS's action on Ms. Dijamco's Form I-485 and her mother's Form I-130, despite the jurisdiction-stripping provision at INA § 242(a)(2)(B); 8 U.S.C. § 1252(a)(2)(B), based on pure questions of law."); Doc. 41 at 15 ("Although adjustment of status is a discretionary benefit, courts retain jurisdiction to consider both constitutional claims and questions of law raised in a petition for review of a decision for such a benefit." (citing 8 U.S.C. § 1252(a)(2)(D))).

Indeed, § 242(a)(2)(D) states: "[n]othing in subparagraph (B) or (C) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). But this vests jurisdiction in "the appropriate court of appeals," not the district courts, to review constitutional and purely legal claims. *See Nwauwa v. Holder*, No. 12 C 2925, 2013 WL 842665, at *3 (N.D. Ill. Mar. 6, 2013) (dismissing case for lack of subject matter jurisdiction to review either step of a USCIS adjustment of status decision, finding "even if plaintiff is entitled to petition for judicial review of her constitutional and legal claims, the appropriate forum is the court of appeals").

Thus, even though the USCIS' decisions that Dijamco was ineligible for reinstatement under INA § 204(l) do not fall under those document's "Discretionary Determination" heading, Doc. 1-11 at 3, and even accepting Dijamco's argument that the statutory determination that Dijamco is inadmissible due to her fraudulent entry into the United States is not discretionary, but instead a pure question of law, *id.*; Doc. 1-13 at 2–3; Doc. 1-17 at 3–4, this Court does not

10

have jurisdiction to review those determinations. Rather, "the appropriate forum" for that review "is the court of appeals." *Nwauwa*, 2013 WL 842665, at *3.

Because the Court cannot review discretionary decisions by the USCIS under INA § 242(a)(2)(B)(ii), or purely legal claims under INA § 242(a)(2)(D), the Court does not have subject matter jurisdiction to review Dijamco's claims, regardless of how either party characterizes her claims.

Moreover, the relabeling of these claims as violations of the APA, Immigration Regulations, or Due Process does not save Dijamco's claims. *See River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir. 1994) (finding that parties may not circumvent procedural or jurisdictional barriers by relabeling their claims because "[l]abels do not matter"); *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 755 (7th Cir. 2015) ("Our conclusion that labels do not matter applies to any other proposed relabeling."). These claims are still, at base, a request for this Court to review the USCIS' actions, which is not within this Court's jurisdiction.

Finally, because the Court does not have jurisdiction to hear the "federal action . . . for a violation of an administrative duty" in this case, the Court likewise cannot determine that Dijamco brought such a case successfully, or that she is the "prevailing party" in such a suit. Doc. 34 ¶¶ 88, 89; 28 U.S.C. § 2412(d)(1)(A). Because the Court does not have jurisdiction, and therefore does not reach the merits of Dijamco's claims, the Court dismisses Dijamco's EAJA claim as moot. *See Openlands v. United States Dep't of Transp.*, No. 15 CV 4529, 2017 WL 3034778, at *3 (N.D. Ill. June 30, 2017) (dismissing EAJA claim where "Court never reached the merits of [the] case").

## II. Failure to State a Claim

Because the Court finds that it does not have subject matter jurisdiction to hear this case, the Court does not reach the arguments regarding Defendants' motion to dismiss under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss [39]. The Court dismisses Dijamco's amended complaint without prejudice and terminates this case.

Dated: August 12, 2019

_____
SARA L. ELLIS
United States District Judge